## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| NAEEMAH MUNIRAH WALLER | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JKB-22-0668 |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al. | * | |
| | * | |
| Defendants | * | |
| * * * * * * | * * * | * * * * |

### MEMORANDUM

Plaintiff Naeemah Munirah Waller filed a *pro se* complaint in the District Court of Maryland for Baltimore City against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax"). (*See* Compl., ECF No. 4.) She asserted claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and for libel and slander. (*Id.* at 1-2.) Trans Union removed the case to this Court (ECF No. 1) and Trans Union and Equifax each filed an answer. (ECF Nos. 10, 14.) Experian filed a Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (ECF No. 22.) Waller has not filed a response to the Motion, which is ripe for decision. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). The Motion will be granted.

### I.    Background

Waller's Complaint appears to assert multiple claims, but it does not separate them into discrete counts. First, it alleges that Defendants furnished information concerning Waller's credit

history "up through the present time" without her consent or permission.[1] (Compl. at 1-2.) Second, it alleges that Defendants published false and inaccurate information concerning Waller's credit history "over 7 years" to "various persons and credit grantors[.]" (*Id.* at 2.) The Complaint further alleges Defendants had "multiple opportunities" to correct these inaccuracies after Waller submitted complaints to the Consumer Financial Protection Bureau ("CFBP"). (*Id.* at 2.) She attached printouts of several CFBP complaints—"a few of many"—all of which she submitted in 2021 or 2022 and include brief narratives explaining the alleged inaccuracies. (*Id.* at 4-17.)[2] The Complaint states that Defendants' written statements constitute libel per se, and that their oral statements constitute slander per se. (*Id.* at 2.)

The Complaint describes various injuries Waller suffered as a result of Defendants' alleged conduct, including a reduced credit score, the loss of credit and loan opportunities, and emotional and mental pain. (*Id.* at 2-3.) Waller attaches two letters denying her applications for a credit card and a loan, both based on credit information obtained from Experian. (*Id.* at 18-20.) Finally, the Complaint alleges that Defendants' conduct was "malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein." (*Id.* at 3.)

Experian filed a Motion for a More Definite Statement, contending that "[i]t is unclear which claims for relief Plaintiff is actually asserting[.]" (ECF No. 22 at 2.) Experian further avers that Waller has not alleged sufficient factual support, including "the statements, tradelines, or information that form the basis of Plaintiff's allegations[,]" "what information is allegedly

---

[1] The Complaint cites 15 U.S.C. § 1681b(2), which does not exist. (Compl. at 1.) 15 U.S.C. § 1681b(a)(2), however, authorizes a consumer reporting agency to furnish a consumer report "[i]n accordance with the written instructions of the consumer to whom it relates."

[2] Although each page is listed as a separate exhibit, the attachments appear to consist of five CFPB complaints, three of which were about Experian.

inaccurate or false," "when she learned of any alleged inaccurate information," and "to whom or when the allegedly false or inaccurate information was published." (*Id.* at 3.) Finally, Experian notes that the complaint "does not distinguish its claims among each individual defendant." (*Id.*)

## II.    *Legal Standard*

Under Rule 12(e),

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . point out the defects complained of and the details desired.

The Fourth Circuit has stated that Rule 12(e) "must be read in conjunction with Rule 8, which establishes the general rules for pleading." *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973). Accordingly, "when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement[.]" *Id.* at 824; *see also Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 n.3 (4th Cir. 2005) ("A pleading that can survive a Rule 12(e) motion necessarily can withstand a motion to dismiss under Rule 12(b)(6)."). Because the foregoing standard requires conformance to Rule 8(a), the Court relies upon the familiar *Iqbal–Twombly* standard to determine whether Waller's Complaint states a claim for relief.

Under this standard, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "[f]actual allegations must be enough to raise a right to relief above the

3

speculative level[.]" 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. *Pro se* plaintiffs are held to a less stringent standard than lawyers, and courts construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility." *Robb v. Md. Aviation Admin.*, Civ. No. 14-1421, 2014 WL 4056030, at *3 (D. Md. Aug. 15, 2014).

### III.    Analysis

In its present form, Waller's Complaint fails to state a claim for relief and is vague and ambiguous. As to possible claims under FCRA, the Complaint most clearly attempts to assert a violation for disclosing information without Waller's consent. However, FCRA authorizes consumer reporting agencies ("CRAs") to furnish consumer reports in circumstances other than upon the consumer's request, including to a person the CRA has reason to believe "intends to use the information in connection with a credit transaction involving the consumer[.]" 15 U.S.C. § 1681b(a)(3)(A). Accordingly, the mere fact that Waller allegedly did not directly authorize such reports does not constitute a violation of FCRA.

The Complaint could also be construed to assert a violation of either 15 U.S.C. §§ 1681e(b) (requiring CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information" when preparing a consumer report) or 1681i (requiring CRAs to conduct a reasonable reinvestigation and follow certain procedures when a consumer disputes the completeness or

accuracy of information in her credit file). However, the Complaint does not articulate a clear theory as to how Defendants violated FCRA, and it is not for this Court to guess what Waller's claims are. Under either provision, the allegation that a CRA reported inaccurate information is not sufficient to state a claim for relief. *See Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001) ("FCRA does not impose strict liability on consumer reporting agencies for inaccuracies in reporting. Instead, FCRA imposes liability for negligent noncompliance with the Act, and it allows for enhanced penalties for willful violations." (citing 15 U.S.C. §§ 1681n, 1681o)). A claim brought under § 1681e(b) must allege that "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton*, 257 F.3d at 415. Similarly, to state a claim under § 1681i the complaint must allege "(1) that [the plaintiff] disputed the accuracy of an item in his or her credit file; (2) the CRA failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the CRA could have uncovered the inaccuracy." *Letren v. Trans Union, LLC*, Civ. No. 15-3361, 2017 WL 445237, at *11 (D. Md. Feb. 2, 2017) (quoting *Burke v. Experian Info. Sols., Inc.*, Civ. No. 10-1064, 2011 WL 1085874 (E.D. Va. Mar. 18, 2011)). Waller does not allege that Defendants did not follow reasonable procedures, nor does she allege that they failed to conduct a reasonable reinvestigation.

As to Waller's claims for slander and libel, FCRA generally bars actions for defamation with a "narrow" exception if a CRA acted with "malice or willful intent to injure [the] consumer."[3] *Ross v. F.D.I.C.*, 625 F.3d 808, 814 (4th Cir. 2010) (quoting 15 U.S.C. § 1681h(e)). Waller has

---

[3] This bar applies to any claims "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

not alleged any facts that would allow the Court to infer that Defendants acted with the requisite intent to overcome this general bar.

Given these deficiencies, the Court will grant Defendant Experian's Motion for a More Definite Statement and Waller will be directed to amend her Complaint. For this case to survive, Waller must file an amended complaint that provides sufficient factual content to establish each element of each cause of action she is asserting. Thus, Waller's pleading must include the addition of enough facts such that the Court may plausibly infer that Defendants have engaged in wrongful conduct. Further, Waller must allege facts that are specific to each named Defendant, and she must state when the events giving rise to Defendants' alleged liability occurred. Failure to cure these deficiencies will likely result in dismissal. *See Ausar-El v. Barclay Bank Del.*, Civ. No. 12-082, 2012 WL 5897668, at *2-3 (D. Md. Nov. 21, 2012) (granting motion to dismiss after granting Rule 12(e) motion where plaintiff again failed to allege sufficient factual content to establish each element of the cause of action asserted).

## IV.    *Conclusion*

For the reasons stated above, a separate Order shall issue granting Defendant Experian's Motion for a More Definite Statement (ECF No. 22). Waller will be directed to file an amended complaint consistent with the standards set forth above, within 30 days of the Order.

DATED this __14__ day of September, 2022.

BY THE COURT:

James K. Bredar
Chief Judge

6