IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NAEEMAH MUNIRAH WALLER | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-22-0668 |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Currently pending before the Court is Plaintiff's Motion to Reopen the above-captioned case.[1] (ECF No. 37.) The Motion has been briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). The Motion will be denied.

On September 15, 2022, the Court granted Defendant Experian Information Solution, Inc.'s Motion for a More Definite Statement and directed Plaintiff to file an amended complaint within 30 days of that Order. (ECF No. 32; *see also* Mem., ECF No. 31 at 6 (noting that failure to correct the deficiencies in the Complaint would likely result in dismissal).) Plaintiff failed to timely file an amended complaint, and the Court dismissed Plaintiff's Complaint on October 20, 2022. (ECF No. 35.) Plaintiff filed the instant Motion to Reopen on May 5, 2023, asserting that she "experienced three unexpected and unfortunate events within my family the week of October 1, 2022; these events demanded my time and energy preventing me from completing and submitting

---

[1] The case was administratively reopened pending resolution of this Motion.

my amended claim within the time allowed." (ECF No. 37.) Plaintiff also attached a document labeled "Redline copy of Amended Claim/EQUIFAX." (ECF No. 37-1.)

Plaintiff does not provide a legal basis for her Motion to Reopen, but the Motion appears to seek reconsideration of the Court's dismissal Order, more than six months after it was filed. The Court will construe the Motion as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Minh Vu Hoang v. Rosen*, Civ. No. DKC-12-1393, 2013 WL 6388611, at *2 (D. Md. Dec. 5, 2013) ("Although Plaintiffs do not identify the legal basis of their motion [to reopen and to amend the complaint], it could only be cognizable under Federal Rule of Civil Procedure 60(b)." (citing *Peamon v. Gradet*, Civ. No. WDQ-12-1241, 2012 WL 3240462, at *1 (D. Md. Aug. 2, 2012) ("A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.")).

Under Rule 60(b), a party may be granted relief from judgment on motion for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . ., misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Upon review of Plaintiff's Motion to Reopen, the Court finds that none of these bases for granting a Rule 60(b) motion have been satisfied. Plaintiff merely points to family events that occurred in October of 2022, six months before the filing of the instant Motion.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Reopen (ECF No. 37) is DENIED.

2. The Clerk is DIRECTED to close the case.

3. The Clerk is DIRECTED to mail a copy of this Order to Plaintiff.

DATED this _16_ day of June, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge